**CRABBE et, Plaintiffs, v. FREEMAN, Defendant.**

Municipal Court, Columbus.

No. 73248.   Decided April 29, 1959.

66

Justin L. Sillman, Charles E. Brown, Columbus, for plaintiffs.
Elliott, Hilliard & Martin, Columbus, for defendant.

## OPINION
By TROOP, J.

This cause is on to be heard upon the merits having been submitted upon the motion of the plaintiff for judgment made at the close of the evidence.

The court finds as basic matters of fact that the defendant sold a 1955 Pontiac four door station wagon to the plaintiff on or about June 12, 1958, for the sum of $1425.00, which automobile had been used by the defendant in connection with his business and to provide personal transportation for the defendant and his wife. Further, the court finds that the speedometer in the 1955 Pontiac registered approximately 22,000 miles at the time of sale and that the actual mileage that the car had been driven was in excess of 50,000 miles; the speedometer mileage having been inadvertently reduced by a filling station mechanic who reported that fact to the owner defendant, who, therefore, knew that the speedometer reading had been changed and the defendant owner knew that the change resulted in the registered mileage being reduced from in excess of 50,000 miles to approximately 22,000 miles. The court further finds that the defendant did not correct the speedometer reading after having been advised of the reduction and acquiesced in the arrangement Mrs. Freeman had made, with Mr. Ross of Marty's Pontiac, for the destruction of one set of service records for the car which delayed plaintiff in his effort to ascertain the actual mileage record of the car. Further, the court finds that the plaintiff relied upon the misrepresentation of mileage as 22,000, a material fact, to his damage, the car being of the value of $1150.00 at the time of sale, the value being less because the actual mileage was in excess of 50,000 miles and not 22,000 miles.

The particular question to be resolved in this case has never been passed upon by the courts of this state, at least this court has been unable to discover an Ohio case in which the court has considered whether the turning back of the speedometer on an automobile, in anticipation of offering it for sale, amounts to actionable fraud. The courts of a few other jurisdictions have considered the question so we can look to them for some basic concepts and rules, but, in addition, we will review some of our own concepts and look to the possible application of the rules followed in this jurisdiction to the instant case.

Reiteration of accepted fundamentals may seem unnecessary, but since Ohio courts have not passed upon our particular problem a review of announced principles must provide the basis for decision. 24 O. Jur. 2d, page 634, p. 20, provides a summary of the elements of actionable fraud. Without quoting exactly, the elements are, briefly;

1. A false representation; actual or implied, or the concealment of a matter of fact, material to the transaction; made falsely.

2. Knowledge of the falsity—or statements made with such utter disregard and recklessness that knowledge is inferred.

3. Intent to mislead another into relying on the representation.

4. Reliance—with a right to rely.

5. Injury as a consequence of that reliance. All of these elements must be present if actionable fraud is to be found. The absence of one element is fatal to recovery.

A false representation orally made presents problems enough, but without that oral pronouncement we are presented with much more difficult legal questions. The text writers do offer some propositions pointed in that direction, however, and we find some of them set out in **24 O. Jur. 2d.** At **page 676, p. 74,** we find;

"One of the fundamental tenets of the Anglo-American law of fraud is that fraud may be committed by a suppression of the truth * * * as well as by the suggestion of falsehood * * *."
and—

"A false impression may be produced by the concealment or non-disclosure of facts which there is a duty under the circumstances to disclose. Allowing a party to proceed upon an erroneous belief contributed to by one's acts is active concealment, equivalent to misrepresentation."

A rule concerning silence as fraud is found at page 678, p. 76;

"Though generally mere silence does not amount to fraud, there are times and occasions when it becomes the duty of a person to speak in order that the party he is dealing with may be placed on an equal footing with him, when a failure to state a fact is equivalent to a fraudulent concealment and amounts to fraud equally with an affirmative falsehood."
and at page 679 a refinement or limitation upon the general rule;

"* * * those who do not look to him for information and expect no disclosure from him cannot properly complain of his silence or successfully contend that he has suppressed the truth."

· 23 Am. Jur. sets out some rules more particularly respecting silence and concealment. At pages 852 and 853, p. 77, we find;

"there must be something more than mere silence, or a mere failure to disclose known facts."

"the silence must, under the conditions existing, amount to fraud, because it amounts to an affirmation that a state of things exists which does not, and the uninformed party is deprived to the same extent that he would have been by positive assertion."

Continuing in p. 77, the text writers discuss the term an act of concealment—silence amounting to concealment as follows;

"The term generally infers also that the person is in some way called to make a disclosure."

"in the sense opposed to mere nonactionable silence may consist in withhholding information asked for or in making use of some device to mislead, thus involving act and intention."

The foregoing proposition is taken from Syllabus 3 of Kohl v. Lindley, 39 Ill. 195, a case involving the sale of hay in ricks in a field. The question before the court concerned possible fraud or warranty by the seller. In discussing the rule of law to be applied, the court quotes from 1 Parsons on Contracts, 461, as follows:

"The common law does not oblige a seller to disclose all that he knows which lessens the value of the property he would sell. He may be silent, leaving the purchaser to inquire and examine for himself or require a warranty. He may be silent and be safe; but, if he be more than silent, if by acts, and certainly if by words, he leads the buyer astray, inducing him to suppose that he buys with a warranty, or otherwise preventing his examination or inquiry, this becomes a fraud, of which the law will take cognizance."

The court had no difficulty in finding no fraud present since the buyer could examine the hay and by a reasonable exercise of his own senses could determine the quality of the hay. The buyer could tell by the color and smell of the hay whether or not it was damaged.

23 Am. Jur., page 857, p. 80, moves in a somewhat different direction. It discusses the situation where one party has superior knowledge not within the fair and reasonable reach of the other party and which he could not by reasonable diligence discover. The text goes on to say that some courts have gone so far as to hold that each party is bound in every case to communicate facts if he knows the other to be ignorant of them and if those facts are not—

1. Open and naked,
2. Equally within reach of observation of both parties,
3. Open to common observation,
4. Apparent on inspection,
5. Not discoverable at first view,
6. Not visible to the eye.

That the mileage traveled by a used car, offered for sale on a lot or at a private sale, is a material fact, it seems to this court, to be indisputable. It would seem that any purchaser of a used car will want to know the mileage. The testimony of Mr. Richard K. Beem is to the effect that many, if not most, speedometers are turned back on used cars before being offered for sale on the used car market. He asserts that the buying public expects them to be turned back, but admits that the speedometer record does influence the sale, if only to quiet the mind of the purchaser. If the mileage recorded on the speedometer is not an important and material fact that influences the purchaser, why then, do used car dealers spend the time and money required to turn them back. This court is convinced that no purchaser in full possession of all of his faculties will not consider mileage traveled in deciding which used car he will buy; if it were not so, speedometers would never be turned back.

That the rule of caveat emptor is approved and established in Ohio goes without saying. It is equally well established that a buyer may always protect his position by exacting an express warranty. Other rules have been recognized by our courts and applied to particular situa-

tions over the years. A classic case, decided in 1860, makes our point. In **Hadley and Hawkins v. The Clinton County Importing Company, 13 Oh St 502**, the court holds;

"1. In executed contracts of sale of personal property, the rule of the common law is, caveat emptor, and there is no implied warranty as to the quality of the article sold. But fraud in the vendor constitutes an exception to the rule."

The court was concerned about the sale of a cow purchased to improve the herd of the purchaser. The cow had lost a calf, dead several weeks prior to delivery, which fact the sellers knew and did not disclose. In the decision of the court, which is replete with procedural tangles and questions as to proper charges, some propositions emerge such as, "it was an important inquiry whether the means of knowledge on the subject was equally accessible to both parties." (Page 508.) And near the bottom of the page the court says, "In other words, good sense and the law will more readily authorize the finding that there was an obligation to disclose a latent, intrinsic defect in the article sold, more peculiarly in the knowledge of the vendor, than extrinsic facts affecting its value, as to which the means of knowledge was equally accessible to both parties."

The important question, says the court in this early case, is whether under the particular circumstances, the omission to disclose is a fraudulent act, giving a right of action for deceit.

Caveat emptor is still the rule in the automobile age and under the Uniform Sales Act. The case of **Regula v. Gerber, 47 Abs 196**, is a Common Pleas Court case, from which no appeal was taken, and announces interesting rules. Syllabus 3 reads:

"Where one buys a secondhand automobile 'as is' without warranty, he is put upon notice that he is buying such automobile at his own risk, and he should acquaint himself with the whole situation, and he is not entitled to rescission except for fraud, imposition, or other like reasons."

The court found, however, that "the defect" in the connecting rod bearings was in existence at the time of the sale and that this defect only became apparent after the heavy motor oil in the crankcase became warm. Hence, the rule set out in Syllabus 4;

"Where a defect in an automobile is concealed by the use of heavy motor oil in the crankcase of an automobile, and the purchaser of said automobile has no notice of such defect and is misled as to such defect either by fraud, misrepresentation, deceit or imposition, a warranty is implied, and such purchaser is entitled to rescission of the contract of sale if timely made."

It should be noted that the court at page 201 quotes from 46 Am. Jur., page 284, p. 65, concerning the principle that fraud cannot be predicated upon mere silence or failure to disclose known facts when there is no duty to speak. Significantly the court quotes further that the rule "does not justify resort to active deceit or fraud, and hence does not apply when one in addition to nondisclosure of material facts uses any artifice, wile, or deceptive conduct designed to throw the other party off his guard and lull him into a false security."

And now to examine our particular set of facts. The defendant knew the actual mileage to be better than 50,000 miles. He knew also that the mechanic had turned the speedometer back to read 22,000 miles. The lubrication stickers had been removed from the car when it had been waxed and polished, so the defendant testified. Service records were destroyed on order of Mrs. Freeman, with at least acquiescence by the defendant. The plaintiff and Mr. C. C. Crabbe testified that the defendant stated, in response to plaintiff's inquiry, that the speedometer registered actual miles, which fact is flatly denied by defendant.

Assume nothing were said regarding mileage as defendant insists. As difficult as it is for the court to believe that a prospective used car buyer will make no inquiry about miles traveled, we will make that assumption. We then have a case of nondisclosure and an Ohio court says the test of fraud in case of nondisclosure of a material fact is whether the defendant "uses any artifice, wile, or deceptive conduct designed to throw the other party off his guard and lull him into a false security."

This court has already said that the mileage traveled by an automobile is a material fact when that car is offered for sale as a used automobile. The speedometer on this car could be read by a prospective purchaser and was read by this plaintiff, if nothing were said concerning mileage. Such reduced mileage register was a "wile" or "artifice," particularly when coupled with the supplemental efforts to keep the record of actual mileage completely obscured. The fact of knowingly permitting the speedometer to read 22,000 miles is an "artifice" designed to throw the prospective purchaser off his guard and lull him into a false sense of security, that is, making him think he is purchasing a car subject to less wear and tear and in better condition than it in fact really is, having been driven more than 50,000 miles.

The elements of actionable fraud outlined above, and approved and followed by courts in Ohio, are present in the instant case. The only element about which there is any question is the matter of intent. **Talcott v. Henderson, 31 Oh St 162,** suggests that knowledge connected with the concealment of a fact is fraud. It further suggests that the simple failure to disclose a fact is not equivalent to concealment. The question is whether there was intent to injure and the court said that the presence of intent is purely a matter for the trier of the facts to determine. That duty this court will assume.

In this case, the defendant knew and did not disclose. It is unreasonable to expect the speedometer to be restored to accurate mileage, but a simple expedient would suffice. If there were no intention to mislead or injure on the part of the seller, he need only say to the prospective purchaser that the speedometer reading is not accurate and report the actual mileage that the register should reveal. The defendant did not report the inaccuracy to the plaintiff, in fact he did more than not report, and this court finds as a matter of fact that the defendant intended the misrepresentation to mislead the plaintiff.

Without further examination, it would appear that the concept of

fraud approved in Ohio and applied to our case leads to the conclusion that the defendant's failure to disclose provides the basis upon which to predicate an action for fraud. Still further, using the tests suggested in 23 Am. Jur., page 857, p. 80, previously outlined, it appears to this court that there is a situation where one party has superior knowledge not within the fair and reasonable reach of the other and which he could not by reasonable diligence discover. This court feels that the defendant was bound to communicate. The fact concealed, greater mileage traveled by more than twice that shown by the speedometer record, was—

1. Not a fact open and naked,

2. It was not ascertainable to each, being equally within the observation of both,

3. It was not a fact open to common observation,

4. Not apparent upon inspection, and

5. By no means visible to the eye and discoverable at first view.

Several other jurisdictions have been taken a clear and unequivocal position on the speedometer situations. Those decisions are available to reinforce by particular application of principles what this court believes to be the correct position under the general propositions adopted in Ohio. Reference is to only one case, Jones v. West Side Buick Company, 231 Mo. A. 187. While in this case the defendant is a dealer, we believe the rules announced to be wholesome and salutary and it should be applied to the sale of used cars generally. The following syllabi are statements of the rules; they read—

"1. The action on part of Automobile Sales Agency in turning back speedometer before offering said car for sale, held to be fraudulent."

"3. Where prospective customer looks at a speedometer reading, he is rightfully entitled to rely upon the reading and to believe the car has gone the number of miles shown by speedometer."

"4. Where speedometer on an automobile had been turned back to make it appear that car had only been driven the number of miles which the speedometer was made to indicate, held that no oral or written representation was necessary to show that such act was calculated to mislead another and thereby allow fraud-feasor to obtain an undue advantage."

"5. A representation with reference to the mileage of an automobile held to be a representation with referenc to a material fact, and it is none the less a representation if made through the medium of turning back the speedometer than if made by mouth or written guarantee."

**Saberton v. Greenwald, 146 Oh St 414,** is the authority for the assessment of punitive damages in fraud cases. Syllabus 2 reads;

"In an action to recover damages for a tort which involves the ingredients of fraud, malice or insult, a jury may go beyond the rule of mere compensation to the party aggrieved and award exemplary or punitive damages."

In conclusion, the court believes the nondisclosure of the material fact of the true mileage on the automobile offered for sale as a used car, intention being clear from other accompanying acts, constituted

actionable fraud under rules approved and followed in Ohio. Decisions in other jurisdictions appear to be sound in view of the widespread use of automobiles and the sale of them as used vehicles to those who are in no position to ascertain their quality and who are entitled to rely upon the representations of those who sell, either dealers or individual owners, and a speedometer reading exhibited to a prospective buyer is a representation of a material fact.

Motion of plaintiff for judgment is sustained and judgment is for the plaintiff for damages in the amount of $275.00, the difference in value arising as a result of the difference in mileage shown and actual, and for punitive damages in the sum of $1000.00

Judgment for the plaintiffs for $1275.00 and costs.